UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

IAN LYNGKLIP,

    Plaintiff

-vs-                                     Case No.
                                         Hon.

CAPITAL ADVANCE SOLUTIONS, LLC

    Defendant

## COMPLAINT & JURY DEMAND

*Ian Lyngklip states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the Telephone Consumer Protection Act, 47 U.S.C. § 227 and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claim arising out of the same nucleus of operative facts which give rise to the Federal law claim.

### Parties

3. The Plaintiff to this lawsuit is Ian Lyngklip ("Plaintiff" or "Mr. Lyngklip"), an individual who resides in Huntington Woods, Michigan.

4. The Defendant to this lawsuit is Capital Advance Solutions, LLC ("Defendant" or "Capital Advance Solutions"), a foreign company doing business in Michigan.

## Venue

5. The transactions and occurrences which give rise to this action occurred in Oakland County.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations

7. Mr. Lyngklip maintains a cell phone in order to maintain personal contacts with family, friends, and as a device through which she can seek emergency help.

8. The service for his cell phone is via a "cellular telephone service" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

9. On June 14, 2016 Defendant called Mr. Lyngklip on his cell phone.

10. At all times material and relevant hereto, Defendant used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227 (a)(1) and 47 C.F.R. 64.1200(f)(1).

11. Defendant placed these calls using an automatic telephone dialing system.

12. When answering this call, Mr. Lyngklip heard "dead air," a brief pause, and a prerecorded message offering him a business loan.

13. After delivery of the prerecorded message and waiting on the line, Mr. Lyngklip was connected with a live representative who solicited a business loan.

14. That representative identified himself as "Jared Barnett."

15. During the call, the representative stated that he was from Capital Advance Solutions.

16. Mr. Lyngklip did not seek services from Capital Advance Solutions.

17. Mr. Lyngklip asked Capital Advance Solutions to stop calling him.

18. Capital Advance Solutions continued to place calls to Mr. Lyngklip using their automatic telephone dialing system even after he expressly told them to stop calling him.

19. Capital Advance Solutions continued to convey messages to Mr. Lyngklip using an artificial voice or prerecorded message even after he expressly told them to stop calling him.

20. In July 2016, Mr. Lyngklip began receiving e-mail communication from Jared Barnett soliciting an offer of a business loan to Mr. Lyngklip.

21. Mr. Lyngklip still receives these e-mails at least once a week and sometimes, three to four times a week.

## COUNT I – Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 *et seq.*

22. Mr. Lyngklip incorporates the preceding allegations by reference.

23. The central business mission of Defendant is to solicit consumers to purchase their services using the United States mail service, telephone, telegram or other instrumentalities of interstate commerce.

24. At all times material and relevant hereto, Defendant used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

25. Mr. Lyngklip never gave Defendant consent to call his cellular phone number using an autodialer or to deliver prerecorded messages to him on his cellular phone.

26. Defendant negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, in relation to Mr. Lyngklip.

27. As a result of Defendant's negligent violations of the TCPA, Mr. Lyngklip may recover statutory damages of $500.00 for each and every call in violation of the statute.

28. Alternatively, Defendant knowingly or wilfully violated the TCPA in relation to Mr. Lyngklip.

29. As a result of Defendant's willful violations of the TCPA, Mr. Lyngklip may

recover statutory damages of up to $1,500.00 per call in violation of the statute.

## COUNT II – Michigan Home Solicitation Calls Act ("MHSCA")

30.  Mr. Lyngklip incorporates the preceding allegations by reference.

31.  Mr. Lyngklip is a "person" as that term is defined by M.C.L. §445.111(k).

32.  Mr. Lyngklip is a "residential telephone subscriber" as that term is defined by M.C.L. §445.111(l).

33.  At all times material and relevant hereto, Defendant and their agents placed a telephonic call to Mr. Lyngklip to sell him their services, including an alleged business loan.

34.  At all times material and relevant hereto, Defendant called Mr. Lyngklip by telephone to solicit him to purchase its services, including an alleged business loan within the meaning of M.C.L. §445.111(m).

35.  Mr. Lyngklip received the telephonic calls for solicitation of services, including an alleged business loan of more than $25.00 from Defendant while he was at his residence.

36.  At all times material and relevant hereto, Defendant and their agents' communications to Mr. Lyngklip qualify as "home solicitation sales" as that term is defined by M.C.L. §445.111(a).

37.  At all times material and relevant hereto, Defendant and their agents are

"telephone solicitors" as that term is defined by M.C.L. §445.111(n) and used automated dialing and announcing devices as those terms are defined M.C.L. §445.111(g).

38. At all times material and relevant hereto, Defendant and its agents made home telephonic solicitation calls to Mr. Lyngklip using in whole or in part a recorded message in violation of M.C.L. §445.111a(1).

39. At all times material and relevant hereto, Defendants and their agents made telephonic home solicitation calls to Mr. Lyngklip whereby the callers intentionally blocked or otherwise interfered with the caller ID function on Mr. Lyngklip's phone in violation of M.C.L. §445.111b(3).

40. At all times material and relevant hereto, Defendant and their agents failed to comply with the requirements of M.C.L. §445.111a and b in violation of M.C.L. §445.111c(1)(f).

41. Defendant's actions knowingly or wilfully violated the MHSCA in relation to Mr. Lyngklip.

42. As a result of Defendants's willful violations of the MHSCA, Mr. Lyngklip may recover statutory damages of up to $250.00 for the violation of the statute and reasonable attorney fees.

## Demand for Jury Trial

43. Plaintiff demands trial by jury in this action.

## Demand For Judgment For Relief

44. *Accordingly, Plaintiff requests that the Court grant:*

    a. *Statutory damages.*

    b. *Treble damages.*

    c. *Statutory costs and attorney's fees, and*

    d. *Any other relief deemed proper by this Court.*


Respectfully Submitted,


By: s/ Priya Bali
Priya Bali (P78337)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Ian Lyngklip
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Priya@MichiganConsumerLaw.com

Dated: July 28, 2017